US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MAY 12 2016

DOUGLAS F. YOUNG, Clerk
By
Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.3:16CR30002-001 |
| | ) | |
| KYLE LEE SMITH | ) | |

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the parties hereto acknowledge that they have entered into negotiations which have resulted in this agreement. The agreement of the parties is as follows:

### COUNTS OF CONVICTION AND DISMISSAL

1. The defendant, KYLE LEE SMITH, hereby agrees to plead guilty to Count 1 of the Indictment, charging the defendant with Transportation of a Minor with the Intent to Engage in Criminal Sexual Activity in violation of Title 18, United States Code, Sections 2423(a) AND Count 3 of the indictment charging the defendant with Coercion and Enticement of a Minor in violation of Title 18, United States Code, Sections 2422(b). If the Court accepts this plea agreement, once the court has pronounced sentence, the Government will move to dismiss the remaining Counts of the Indictment.

### CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE

2(a). The defendant acknowledges that he has been advised and understands that he has a right to have a United States District Judge presiding when he enters a guilty plea and that he can exercise that right without concern or reservation. The defendant and the United States hereby consent to have the proceedings required by Rule 11 of the Federal Rules of Criminal Procedure

incident to the making of the plea to be conducted by the United States Magistrate Judge. If, after conducting such proceedings, the Magistrate Judge recommends that the plea(s) of guilty be accepted, a presentence investigation and report will be ordered pursuant to Federal Rule of Criminal Procedure 32. The defendant acknowledges that his plea of guilty is subject to approval and acceptance by the District Judge and that sentencing will be conducted by the District Judge.

## WAIVER OF OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

2(b). The parties acknowledge that pursuant to 28 U.S.C. § 636(b)(1)(B), the failure to file objections to the Report and Recommendation within fourteen (14) days bars them from objecting to the District Court's acceptance of the guilty plea as recommended by the Magistrate Judge. Having been advised of the right to object to the Report and Recommendation, the parties wish to waive that right for the purpose of expediting acceptance of the guilty pleas(s) in this matter. Accordingly, evidenced by their signatures appearing below, the parties hereby waive the right to object to the Magistrate Judge's Report and Recommendation Concerning Plea of Guilty, and consent to acceptance of the same by the United States District Judge so that acceptance of the guilty plea(s) may proceed forthwith.

## ADMISSION OF FACTUAL BASIS IN SUPPORT OF GUILTY PLEA(S)

3. The defendant has fully discussed with defense counsel the facts of this case and the elements of the crime(s) to which the defendant is pleading guilty. The defendant admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

a. On or about August 21, 2015, the Harrison Police Department received a report that indicated a teacher in the Harrison School District, namely the defendant Kyle Lee SMITH,

was engaging in a sexual relationship with a juvenile female student. During the resulting investigation, law enforcement interviewed the juvenile female student (age 16, hereinafter referred to as "Jane Doe #2) that was reportedly sexually involved with the defendant. While she initially denied any inappropriate contact, she ultimately informed law enforcement she had been conversing with SMITH via an internet based social media application known as Snapchat. Per Jane Doe #2, the topic of conversation on Snapchat turned sexual, and led to Smith inviting her to his residence in Missouri to engage in sexual activity. Specifically, as set out in Count 3 of the indictment, on or about August 3, 2015, SMITH persuaded her to drive from her home in the Western District of Arkansas to his home in Missouri and thereafter, they engaged in vaginal and oral sex. Additionally, Jane Doe #2 told law enforcement that on one occasion SMITH ejaculated onto the black dress she was wearing. In fear that she would be caught by her parents, she placed the dress into the trunk of her car where it remained. She later provided it to law enforcement. In February of 2016, the Arkansas state crime lab confirmed that the black dress belonging to Jane Doe #2 did in-fact test positive for semen and DNA belonging to the defendant. Additionally, Jane Doe #2 informed law enforcement that SMITH had also been engaging in sexual activity with another student, namely Jane Doe #1.

  b. On October 21, 2015, officers with the Harrison Police Department interviewed Jane Doe #1, who is 14 years of age. At that time, Jane Doe #1 disclosed that she and SMITH had sex on at least five separate occasions. Specifically she stated that the first three sexual encounters occurred on a dirt road near Harrison and the last two sexual encounters occurred at SMITH's residence in Branson, Missouri. Specifically, as set out in Count 1 of the indictment, Jane Doe #1 explained that in July of 2015, SMITH picked her up from her home in the Western District of Arkansas and drove her to his residence in Missouri. At the residence, she and the

defendant engaged in sexual acts including oral sex and vaginal sex. Jane Doe #1 also explained that she and SMITH almost exclusively communicated via Snapchat and that it was via Snapchat that SMITH first asked her if she would have sex with him. Jane Doe #1 added that SMITH also told her via Snapchat that she could not tell anyone about their sexual relationship because he could get in trouble. Finally, Jane Doe #1 provided law enforcement with screen shots of the conversations she was having with SMITH, many of which were overtly sexual in nature.

    c.     In February of 2016, Homeland Security Investigations (HSI) agents served a search warrant on Snapchat for information related to contact between the suspect's account and the victims. The records indicated that hundreds of messages and images were sent between the victims and the defendant. Additionally, HSI agents executed a search warrant on the suspect and victim's phone accounts for, among other things, cellular site information. Records returned from Verizon Wireless revealed that both the suspects and Jane Doe # 1's cellular phones were hitting from the same tower approximately 3 miles from SMITH's Missouri residence during the date identified by the victims.

    d.     During the relevant time periods, pursuant to Arkansas Code Annotated Sections 5-14-125 (Sexual Assault 2nd Degree) and 5-14-127 (Sexual Assault 4th Degree), it was illegal for the defendant, being a school employee, to engage in sexual activity with a student, or with a person under 16 years of age. Based on the victims statements, the cell phone and Snapchat records, and the crime lab reports and other evidence outlined above, the government could prove that the defendant committed the acts charged in Counts One (1) and Three (3) of the Indictment.

## ADVICE OF RIGHTS

4. The defendant hereby acknowledges that he/she has been advised of and fully understands the following constitutional and statutory rights:

    a. to have an attorney and if the defendant cannot afford an attorney, to have one provided to him/her and paid for at government expense;
    b. to persist in his/her plea of not guilty;
    c. to have a speedy and public trial by jury;
    d. to be presumed innocent until proven guilty beyond a reasonable doubt;
    e. to confront and examine witnesses who testify against him/her;
    f. to call witnesses on his/her behalf;
    g. to choose to testify or not testify and that no one could force the defendant to testify; and,
    h. to have at least 30 days to prepare for trial.

## WAIVER OF RIGHTS

5. The defendant hereby acknowledges that he/she understands with respect to each count to which he/she pleads guilty, he/she thereby **WAIVES** all of the rights listed as (b) through (h) of the above paragraph.

## WAIVER OF ACCESS TO RECORDS

6. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

## WAIVER OF "HYDE" CLAIM

7. The defendant hereby waives any claim under the Hyde Amendment, 18 U.S.C. § 3006A (Statutory Note), for attorney fees and other litigation expenses arising out of the investigation or prosecution of this matter.

### EFFECTS OF BREACH OF THIS AGREEMENT BY DEFENDANT

8. The defendant agrees that if after signing this plea agreement the defendant commits any crimes, violates any conditions of release, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, intentionally incomplete, or intentionally untruthful, or if the defendant violates any term of this plea agreement, takes a position at sentencing which is contrary to the terms of this plea agreement or attempts to withdraw from this plea agreement, this shall constitute a breach of this plea agreement which shall release the United States from any and all restrictions or obligations placed upon it under the terms of this agreement and the United States shall be free to reinstate dismissed charges or pursue additional charges against the defendant. The defendant shall, however, remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty unless permitted to do so by the court.

9. The defendant further agrees that a breach of any provisions of this plea agreement shall operate as a WAIVER of defendant's rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence and the government shall be allowed to use and to introduce into evidence any one or more of the following:

      a. admissions against interest, both oral and written, made by the defendant
      b. statements made by the defendant during his change of plea hearing;
      c. the factual basis set forth in the plea agreement;
      d. any testimony given under oath in these proceedings or to a grand jury or a petit jury;

  e. any and all physical evidence of any kind which the defendant has provided to the government; and,
  f. any and all information provided by the defendant to the government's attorneys, or to federal, state, county, and/or local law enforcement officers.

## MAXIMUM PENALTIES

10. The defendant hereby acknowledges that he/she has been advised of the maximum penalties for each count to which he/she is pleading guilty. By entering a plea of guilty to Counts 1 and 3 the Indictment, the defendant agrees that he faces:

**As to Count 1**

  a. a maximum term of imprisonment for Life;
  b. a mandatory minimum term of imprisonment for 10 years.;
  c. a maximum fine of $250,000;
  d. both imprisonment and fine;
  e. a term of supervised release for any term of years not less than five or life pursuant to 18 U.S.C. § 3583(k) which begins after release from prison;
  f. a possibility of going back to prison if the defendant violates the conditions of supervised release;
  g. a special assessment of $100.00 for each count of conviction;
  h. restitution as ordered by the court.

**As to Count 3**

  a. a maximum term of imprisonment 20 years;
  b. a maximum fine of $250,000;
  c. both imprisonment and fine;
  d. a term of supervised release for any term of years not less than five or life pursuant to 18 U.S.C. § 3583(k) which begins after release from prison;
  e. a possibility of going back to prison if the defendant violates the conditions of supervised release;
  f. a special assessment of $100.00 for each count of conviction;
  g. restitution as ordered by the court.

## CONDITIONS OF SUPERVISED RELEASE

11. The Defendant acknowledges that if a term a supervised release is imposed as part of the sentence, the defendant will be subject to the standard conditions of supervised release as recommended by the United States Sentencing Commission and may be subject to other special conditions of supervised release as determined by the court. The standard conditions of supervised release are as follows:

    a. The defendant shall not leave the judicial district without the permission of the court or probation officer.
    b. The defendant shall report to the probation officer in a manner and frequency directed by the Court or Probation Officer. .
    c. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
    d. The defendant shall support his or her dependents and meet other family responsibilities.
    e. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.
    f. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
    g. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.
    h. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
    I. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
    j. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer.
    k. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
    l. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court, and

      m.    The defendant shall -- as directed by the probation officer -- notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

### DEFENDANT'S ACKNOWLEDGMENT OF REQUIREMENT TO REGISTER AS A SEX OFFENDER

12.    I understand and acknowledge that I have been advised and understand that under the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16901, et seq., I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or student, among other information. I further understand that the requirement to keep the registration current includes informing the jurisdiction where I reside, am employed or attend school no later than three business days after any change of my name, residence, employment or student status. I have been advised and understand that failure to comply with these obligations subjects me to prosecution for failure to register under federal law in violation of Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment or both.

### RESTITUTION

13.    The Court can order the defendant to pay restitution for the full loss caused by his conduct set forth above pursuant to Title 18, U.S.C. § 2259. The defendant agrees the Court's consideration of the amount of restitution shall **NOT** be limited to the amounts alleged in the count(s) to which the defendant is pleading guilty pursuant to Title 18, U.S.C. § 3663. The

defendant further agrees that any amount ordered by the Court to be paid as restitution may not be discharged, in whole or in part, in any bankruptcy proceeding.

14. The defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The defendant further agrees that any restitution collected and/or distributed will survive the defendant, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

### AGREEMENT TO PROVIDE FINANCIAL INFORMATION

1. 15. The defendant agrees that no later than thirty (30) days after the change of plea, the defendant shall complete the financial disclosure statement and the accompanying releases provided by the United States Attorney's Office and deliver them to the United States Probation Office and the United States Attorney's Office.–This financial disclosure statement is sworn by the defendant to be true and correct under penalty of perjury.. The defendant agrees that his/her failure to truthfully and completely complete the financial disclosure statement and accompanying releases may result in the government objecting to the defendant receiving a reduction for acceptance of responsibility.

### NO OTHER CHARGES

16. The government agrees that no other federal charges, which stem from the activities described in the Indictment, will be brought against the defendant in the Western District of Arkansas.

### SENTENCING GUIDELINES ARE ADVISORY BUT NOT MANDATORY

17. The parties acknowledge that the Court shall consult and take into account the United States Sentencing Commission Guidelines in determining the sentence, but that the Court is not bound by the Guidelines and may sentence the defendant to any reasonable sentence within the statutory range.

## AGREEMENT DOES NOT PROMISE A SPECIFIC SENTENCE

18. The defendant acknowledges that discussions have taken place concerning the possible guideline range which might be applicable to this case. The defendant agrees that any discussions merely attempt to guess at what appears to be the correct guideline range and do not bind the district court. Further, the defendant acknowledges that the actual range may be greater than contemplated by the parties. In the event that the actual guideline range is greater than the parties expected, the defendant agrees that this does not give him the right to withdraw his plea of guilty.

## RELEVANT CONDUCT CONSIDERED

19. At the sentencing hearing, the government will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information with respect to defendant's background, character and conduct, including the conduct that is the subject of this investigation for which he has not been charged up to the date of this Agreement, and/or which is the basis for any of the counts which will be dismissed pursuant to this agreement, as provided by § 1B1.3 of the Sentencing Guidelines.

## PERJURY

20. In the event that it is determined that the defendant has not been truthful with the court as to any statements made while under oath, this plea agreement shall not be construed to protect the defendant from prosecution for perjury or false statement.

## CONCESSIONS BY THE GOVERNMENT

21. The government agrees not to object to a recommendation by the probation office or a ruling of the court which awards the defendant an appropriate-level decrease in the base offense level for acceptance of responsibility. If the offense level in the Presentence Report is 16 or greater and the court accepts a recommendation in the Presentence Report that defendant receive two points for acceptance of responsibility, the United States agrees to move for an additional one-point reduction for acceptance of responsibility for a total of three points. However, the Government will not be obligated to move for an additional one-point reduction or recommend any adjustment for acceptance of responsibility if defendant engages in conduct inconsistent with acceptance of responsibility including, but not limited to, the following a) falsely denies, or makes a statement materially inconsistent with, the factual basis set forth in this agreement, b) falsely denies additional relevant conduct in the offense, c) is untruthful with the Government, the Court or probation officer, or d) materially breaches this plea agreement in any way.

## GOVERNMENT'S RESERVATION OF RIGHTS

23. Although the government agrees not to object to certain findings by the probation office or to rulings of the court, it reserves the right to:

    a. make all facts known to the probation office and to the court;
    b. call witnesses and introduce evidence in support of the Presentence Report;
    c. contest and appeal any finding of fact or application of the Sentencing Guidelines;
    d. contest and appeal any departure from the appropriate Guideline range; and,
    e. defend all rulings of the District Court on appeal including those rulings which may be contrary to recommendations made or positions taken by the government in this plea agreement which are favorable to the defendant.

### NO RIGHT TO WITHDRAW THE GUILTY PLEA

24. The government's concessions on sentencing options are non-binding and made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. As a result, if the court should reject the defendant's requests or recommendations for certain findings of fact or applications of the Guidelines, the defendant acknowledges that there is no right to withdraw the guilty plea.

### DISMISSAL OF COUNTS

25. The government's agreement to dismiss certain counts of the Indictment is made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. As a result, if the court should reject the government's motion to dismiss the agreed count of the Indictment, the defendant shall be afforded the right to withdraw his plea pursuant to Rule 11(c)(5)(B) of the Federal Rules of Criminal Procedure.

### AGREEMENT NOT BINDING ON THE COURT

26. The parties agree that nothing in this agreement binds the district court to:

   a. make any specific finding of fact;
   b. make any particular application of the Sentencing Guidelines;
   c. hand down any specific sentence;
   d. accept any stipulation of the parties as contained in this plea agreement; and,
   e. accept this plea agreement.

27. The government and the defendant acknowledge that the court has an obligation to review the Presentence Report before it accepts or rejects this plea agreement.

### AGREEMENT DOES NOT BIND ANY OTHER ENTITY

28. The parties agree that this plea agreement does not bind any governmental entity other than the United States Attorney's Office for the Western District of Arkansas.

### SPECIAL ASSESSMENT

29. The defendant agrees to pay $200 as the special assessment in this case.

### REPRESENTATIONS BY DEFENDANT

30. By signing this plea agreement, the defendant acknowledges that :

   a. The defendant has read this agreement (or has had this agreement read to him/her) and has carefully reviewed every part of it with defense counsel.
   b. The defendant fully understands this plea agreement and is not under the influence of anything that could impede the defendant's ability to fully understand this plea agreement.
   c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement.
   d. The defendant is satisfied with the legal services provided by defense counsel in connection with this plea agreement and matters related to it.
   e. The defendant has entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected with the defendant.

### REPRESENTATIONS BY DEFENSE COUNSEL

31. By signing this plea agreement, counsel for the defendant acknowledges that:

   a. Counsel has carefully reviewed every part of this agreement with the defendant and this agreement accurately and completely sets forth the entire agreement between the United States and the defendant.
   b. Counsel has explained the ramifications of the plea agreement to the defendant, and believes that the defendant understands this plea agreement, what rights are being lost by pleading guilty, and what the government has agreed to do in exchange for the plea of guilty.
   c. Counsel believes that the defendant's decision to enter into this agreement is an informed and voluntary one.

### PLEA AGREEMENT CONSTITUTES THE ENTIRE AGREEMENT

32.     The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been made to induce the defendant to change his plea to guilty.

Dated this 26 day of April, 2016.

_____
Kyle Lee Smith
Defendant

_____
James Pierce
Attorney for Defendant

KENNETH ELSER
UNITED STATES ATTORNEY

By: _____
DUSTIN ROBERTS
Assistant U.S. Attorney